Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| ARGELIA CAMPOS, | |
|---|---|
| Plaintiff, | Case No. 16-4952 |
| -against- | COMPLAINT |
| PRECIPART CORPORATION and CARLOS YUGCHA, | Jury Trial Demanded |
| Defendants. | |

Plaintiff, Argelia Campos, by her attorney Steven J. Moser, P.C., hereby alleges and states as follows:

PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant to challenge sex discrimination and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the New York State Human Rights Law, Executive Law § 296 et seq. (the "NYSHRL").

JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1345 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

CONDITIONS PRECEDENT

4. The Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. On or about June 8, 2016, the EEOC issued a Determination finding that it was unable to conclude that the information obtained established violations of the statutes, that the employer discriminated against the Plaintiff based upon her gender. The EEOC Determination is attached hereto as Exhibit A and is incorporated by reference.

6. The EEOC issued a Notice of Right to Sue on or about June 8, 2016. A copy of the Notice of Right to Sue is attached hereto as Exhibit B. This complaint has been filed within 90 days of the receipt of said notice by Plaintiff.

7. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under the ADA.

PARTIES

Plaintiff

8. Plaintiff Argelia Campos ("Ms. Campos" or "Argelia") is a natural person who resides in Suffolk County, New York.

9. Defendant Precipart Corporation is a global company engaged in the engineering, design and manufacture of high precision mechanical components and assemblies as well as gears and motion control systems with a place of business at 90 Finn Court in Farmingdale, NY (the Farmingdale facility).

10. Defendant Carlos Yugcha is a natural person who resides in Suffolk County, New York.

11. Upon information and belief, Defendant Carlos Yugcha was a Front Office

Manager at Precipart Corporation.

12. Upon information and belief, Defendant Carlos Yugcha served as a Supervisor of Ms. Campos.

## FACTS

13. Precipart Corporation employed approximately 230 employees.

14. Ms. Campos was employed by Precipart at the Farmingdale Facility from February 2012 until April 2, 2015.

15. Ms. Campos was a manual worker whose responsibilities included sanding and polishing precision parts.

16. Throughout her time at Precipart, Ms. Campos was subjected to severe and pervasive sexual harassment by Mr. Yugcha, one of her Supervisors.

17. On at least three occasions in 2012, the Defendant, Mr. Yugcha, grabbed or touched Ms. Campos' face.

18. In September of 2012, Ms. Campos witnessed Mr. Yugcha grab a female co-worker's leg.

19. Between August and October of 2012, Ms. Campos witnessed Mr. Yugcha pinch the midriffs of two other female co-workers at least 2-3 times.

20. During the winter of 2013, Ms. Campos was transferred to another department run by a man named "Talavera." After two weeks, she was reassigned to Mr. Yugcha's department. Mr. Yugcha commented that she was reassigned to Mr. Yugcha's department because Mr. Talavera had a big belly and how she would "jump on that."

21. During the Summer of 2014, Mr. Yugcha unbuttoned Ms. Campos' bra. She was cleaning pieces of metal, when he came up behind her, and undid her bra through her

clothing. She told him to stop.

22. Ms. Campos witnessed Mr. Yugcha undo the bras of two other co-workers.

23. During the Fall of 2014, Ms. Campos wore loose fitting pants to work. Mr. Yugcha commented that he didn't want to see her wearing loose fitting pants, but preferred her wearing tight fitting jeans.

24. Mr. Yugcha did not like the women who he supervised to interact with men. During the winter of 2014-15, Mr. Yugcha repeatedly accused Ms. Campos of being sexual with male co-workers. On one particular occasion, Mr. Yugcha saw a male co-worker of Polish national origin offer Ms. Campos water. He called her aside initially to speak to her about work, but finished by telling her "now you can go fuck that Polish guy."

25. Mr. Yugcha was continually verbally abusive towards his female subordinates.

26. On at least two occasions, Ms. Campos had to retrieve cleaning supplies that were stored under Mr. Yugcha's desk. When she attempted to retrieve the supplies he would subject her to sexually inappropriate comments.

27. For example, in January of 2015, when she asked for access to the supplies, he responded "First, I need that!" He then pointed at her pubic area and made a "kissy" ("fish") face at her.

28. Again in January of 2015, after she requested access to the supplies, Mr. Yugcha opened his legs and exclaimed "I'm ready." This incident was witnessed by one of the other female co-workers who were being subjected to Mr. Yugcha's comments and unwelcome touching.

29. About 3 to 4 times during Ms. Campos' employment, Mr. Yugcha grabbed

her waist area, the last of which occurred in February 2015.

30. During the Summer of 2013, on 3 to 4 occasions, outside the workplace, Mr. Yugcha called Ms. Campos and told her that the night before he had been watching a pornographic video with his wife, but that he was thinking about Ms. Campos.

31. On at least three occasions, Mr. Yugcha sent Ms. Campos pornographic videos via text message through an application known as WhatsApp.

32. In approximately December 2014, Ms. Campos spoke with Mr. Yugcha's supervisor (Joe Bryant) and requested a transfer. The supervisor told her to wait until after Christmas.

33. In late March 2015, as Precipart has not taken any action, Ms. Campos went to Joe Bryant (Mr. Yugcha's supervisor) and reported the bra incident, the treatment she received from Mr. Yugcha, and about witnessing him touch female co-workers.

34. Mr. Bryant told Argelia that the accusations she was making were serious, and she should report the harassment to the HR department. The next day Michelle Pisani (Precipart's HR Director) and Jenny met with Argelia.

35. After meeting with Argelia, Michelle Pisani conducted an investigation.

36. When confronted with the accusations against him during Ms. Pisani's "investigation", Carlos Yugcha stated that he "may have" touched Ms. Campos' bra strap, but "did not really remember."

37. Ms. Pisani asked that Carlos Yugcha "not to touch any of the Ladies-even if he feels they are OK with it." Mr. Yugcha responded that he "understood", but "he would have to think about if he would stay with Precipart."

38. Ms. Pisani recommended that Mr. Yugcha take "sensitivity training."

39. Ms. Campos renewed her request for a transfer because she feared retaliation and continued harassment. She was aware that prior complaints had been made against Mr. Yugcha, and that his behavior had not changed over the years.

40. Ms. Pisani informed Ms. Campos that she would still have to have continued contact with Mr. Yugcha if she wanted to work for Precipart.

41. Concerning Ms. Campos' request for a transfer, Ms. Pisani recommended in internal Precipart documents that Precipart "not even consider a transfer as [Ms. Campos] does not have the skills, and will only become someone else's high maintenance employee."

42. Mr. Yugcha was not suspended because of his conduct.

43. Mr. Yugcha was not terminated because of his conduct.

44. Mr. Yugcha was not disciplined because of his conduct.

45. Shortly after the investigation, the Plaintiff left her employment with Precipart.

46. Only after the Plaintiff filed her EEOC charge did Precipart finally terminate Carlos Yugcha.

FIRST CAUSE OF ACTION

Discrimination in Violation of Title VII

47. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

48. Defendant Precipart discriminated against Plaintiff on account of her sex in violation of Title VII.

49. As a result of Defendant's unlawful conduct, Precipart is liable to Plaintiff for, inter alia, punitive damages under Title VII.

## SECOND CAUSE OF ACTION

Sex Discrimination in Violation of the NYSHRL §

50. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

51. Defendants Precipart and Carlos Yugcha discriminated against Plaintiff on the basis of sex in violation of the NYSHRL.

## THIRD CAUSE OF ACTION

Aiding and Abetting Sex Discrimination in Violation of the NYSHRL § 296 Against Defendant Carlos Yugcha

52. Plaintiff incorporates by reference all allegations in all preceding paragraphs as if fully alleged herein.

53. Defendant Carlos Yugcha aided and abetted in discrimination against Plaintiff on the basis of her sex in violation of the NYSHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an award:

    A.    Declaring that the acts and practices complained of herein are in violation of Title VII, the NYSHRL § 296;

    B.    Awarding Plaintiff compensatory damages, including emotional damages, in amounts to be determined at trial;

    C.    Awarding Plaintiff punitive damages for Defendants' conduct, in an amount to be determined at trial;

    D.    Awarding Plaintiff such interest as is allowed by law;

    E.    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this

action; and

      F.      Granting such other and further relief as the Court deems just,

equitable and proper.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues of fact and damages stated herein.

Dated:  Glen Cove, New York
       September 4, 2016

                        STEVEN J. MOSER, P.C.

                        /s/

By:  Steven John Moser
Three School Street, Suite 207B
Glen Cove, NY 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorney for Plaintiff*